**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ruth E. Davies,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Van E. Flury, *et al.*,<br><br>　　　　　Defendants. | No. CV-23-02055-PHX-JJT<br><br>**ORDER** |

At issue is *pro se* Defendant Van E. Flury's Notice of Removal (Doc. 1, Notice). When Defendant filed the Notice of Removal, he did not attach the state court record as is required by Local Rule of Civil Procedure 3.6. Instead, Defendant filed a Motion for Extension of Time to file the state court record. (Doc. 2) Plaintiff Ruth E. Davies filed a Motion to Remand this matter to state court. (Doc. 5) Because the Court has determined from the Notice of Removal alone that subject matter jurisdiction does not exist, the Court will deny as moot Defendant's Motion for Extension of Time, Plaintiff's Motion to Remand, and all other motions that remain pending.

Courts "have an independent obligation to determine whether subject-matter jurisdiction exists." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). And federal courts may exercise removal jurisdiction over a case only if subject matter jurisdiction exists. 28 U.S.C. § 1441(a); *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir. 2004).

In a case removed from state court, the removing party is required to provide a signed notice of removal that contains "a short and plain statement of the grounds for

removal." 28 U.S.C. § 1446(a). The removing party carries the burden of establishing subject matter jurisdiction, and doubts about federal jurisdiction should be resolved in favor of remand to state court. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992); *see* 28 U.S.C. § 1447(c). A plaintiff may seek to have a case remanded to the state court from which it was removed if the district court lacks jurisdiction or if there is a defect in the removal procedure. 28 U.S.C. § 1447(c). The district court must remand the case if it appears before final judgment that the court lacks subject matter jurisdiction. *Id.*

Unlike state courts, federal courts have jurisdiction over only a limited number of cases, and those cases typically involve either a controversy between citizens of different states ("diversity jurisdiction") or a question of federal law ("federal question jurisdiction"). *See* 28 U.S.C. §§ 1331, 1332. The United States Supreme Court has stated that a federal court must not disregard or evade the limits on its subject matter jurisdiction. *Owen Equip. & Erections Co. v. Kroger*, 437 U.S. 365, 374 (1978). Thus, a federal court is "obligated to consider *sua sponte* whether [it has] subject matter jurisdiction" in each case and to dismiss a case when subject matter jurisdiction is lacking. *Valdez*, 372 F.3d at 1116 (internal quotations omitted); *see also* Fed. R. Civ. P. 12(h)(3).

In Defendant's Notice of Removal, he states that Plaintiff filed suit against him alleging claims of breach of contract, tortious interference with business expectancy, nuisance, and malicious prosecution. (Notice at 1.) He asserts the case became removable when the state court issued a preliminary injunction against him that allegedly violated his constitutional rights. (Notice at 1–2.)

Defendant does not allege, nor does it appear from the Notice of Removal, that diversity jurisdiction is a ground for removal in this case. To the extent Defendant alleges that the state court's violation of his constitutional rights created federal question jurisdiction, the argument fails.

Federal courts have federal question jurisdiction over civil actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A claim arises under federal law if either (1) federal law creates the cause of action, or (2) the plaintiff's

right to relief necessarily depends on resolution of a substantial question of federal law, in that federal law is a necessary element of one of the well-pleaded claims. *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 808 (1988).

Neither circumstance is present here. Plaintiff's claims all arise under state law, and Plaintiff's right to relief is not dependent on a substantial question of federal law. Thus, under the facts alleged in the Notice of Removal, the Court does not have subject matter jurisdiction over this case. As a result, the Court remands this action to Arizona state court.

**IT IS THEREFORE ORDERED** that the Clerk shall remand this case to Maricopa County Superior Court and terminate this action.

**IT IS FURTHER ORDERED** denying as moot all pending motions (Doc. 2, 5, 6, 7).

Dated this 10th day of October, 2023.

Honorable John J. Tuchi
United States District Judge